## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------x

**RAUL ZECHERU,**                                    **CIVIL ACTION NO.:**

                                    **Plaintiff,**

                     **v.**

**COMMUNITY EMS, INC., LONG TERM**
**DISABILITY PLAN; RELIANCE STANDARD**
**LIFE INSURANCE COMPANY;**
**COMMUNITY EMS, INC., as Plan Administrator;**
**and, AMERICAN MEDICAL RESPONSE, INC.,**
**as Plan Administrator,**                            **COMPLAINT**

                     **Defendant.**
-------------------------------------------------------------x

Plaintiff, RAUL ZECHERU, by his attorney, STEPHEN L. RAYMOND, ESQ., as and

for his Complaint against the defendants, COMMUNITY EMS, INC., LONG TERM

DISABILITY PLAN ("LTD Plan" or the "Plan"); RELIANCE STANDARD LIFE

INSURANCE COMPANY ("RELIANCE"); COMMUNITY EMS, INC., as Plan Administrator

("COMMUNITY EMS"); and, AMERICAN MEDICAL RESPONSE, INC., as Plan

Administrator ("AMR"), alleges as follows:


### JURISDICTION AND VENUE

1.      Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which

give the district courts jurisdiction to hear civil actions brought to recover benefits due under the

terms of an employee benefit plan, which for purposes of the instant case, grants to participants

Long Term Disability ("LTD") benefits, and for actions charging a breach of fiduciary duty.


2.      Under the Employee Retirement Income Security Act of 1974, as amended

(hereinafter, "ERISA") (29 U.S.C. §§ 1001, *et seq.*), the LTD PLAN at issue in this litigation

must contain provisions for an administrative or internal appeal of a denial of benefits.  Plaintiff

has exhausted all of his remedies under the terms and conditions of the relevant Plan.  He has received a final denial of his LTD claim; therefore, this matter is properly before this Court for *de novo* judicial review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.     Plaintiff, RAUL ZECHERU, is currently a resident of Clinton, Worcester County, Massachusetts.

4.     Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.  The plan is administered, breach took place, and defendant may be found within this district.

## NATURE OF ACTION

5.     Plaintiff's claims seek:  (1) a declaration that Plaintiff is entitled to LTD benefits pursuant to the terms and conditions of the COMMUNITY EMS, INC., LONG TERM DISABILITY PLAN, ("LTD PLAN"), an employee benefit plan providing for the same, sponsored and administered by Plaintiff's employer, COMMUNITY EMS, INC. ("Employer"), and administered in part, and insured by defendant, RELIANCE, and an order requiring payment of said benefits, or *ALTERNATIVELY*, (2) a finding that Plan Administrator, COMMUNITY EMS, INC., (and/or its successor Plan Administrator, AMR), breached its fiduciary duty in failing to properly enroll Plaintiff in LTD coverage, as he had requested prior to the onset of his disabling condition, causing him the loss of said LTD benefits, and an order providing equitable or remedial relief; and, (3) a finding that the LTD Plan administrator failed to keep and provide ERISA plan documents despite Plaintiff's request, and an order penalizing defendant therefor.

6.     As Plaintiff's claims arise under employee benefit plans, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income

2

Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action.  Said benefits
were effective at all times relevant hereto.

## THE PARTIES

7.      Plaintiff, RAUL ZECHERU, is a 50-year-old man who was born in 1970.


8.      The LTD PLAN is an employee welfare benefit plan as defined by ERISA § 3(1),
29 U.S.C. § 1002(1).


9.      Defendant, RELIANCE, is engaged in the business of disability insurance, and is
licensed and authorized to engage in the business of insurance within the Commonwealth of
Massachusetts.  For purposes of this matter, RELIANCE issued a group policy of LTD insurance
to Plaintiff's employer, COMMUNITY EMS (Participating Unit Number VPL 300291), Policy
No. LSC 10,000.  RELIANCE maintains a business address at: 2001 Market Street, Ste. 1500,
Philadelphia, PA  19103.


10.     Defendant, COMMUNITY EMS, INC., as Plan Administrator, is the
"administrator" of the LTD Plan, as defined by ERISA § 3(16)(A); 29 U.S.C. § 1002(16)(A),
and a "fiduciary" of the LTD Plan.


11.     Defendant, AMR, as Plan Administrator, on information and belief, became the
"administrator" or undertook administrative duties, of the LTD Plan, as defined by ERISA §
3(16)(A); 29 U.S.C. § 1002(16)(A), on or after the time COMMUNITY EMS, became a
subsidiary of AMR, and/or its parent, GLOBAL MEDICAL RESPONSE, INC.  Accordingly,
defendant AMR is a "fiduciary" of the LTD Plan.

## STATEMENT OF FACTS

12.     From July 14, 2015, Plaintiff worked for COMMUNITY EMS, out of its

Marlboro-Hudson Ambulance and Wheelchair Service division.  For the relevant period, he

worked as an "EMT-Wheelchair Driver."  His job duties included driving a Wheelchair Van to

provide clients transportation to and from hospitals, clinics, nursing homes, and residences, and

as needed, perform other duties related to emergency and non-emergency medical care and

related transportation.

13.     The Employer established and maintained the LTD PLAN for the benefit of its

employees.  It funded the LTD PLAN with an insurance policy underwritten by RELIANCE.

14.     Under the LTD PLAN, each participating employee pays 100% of the premiums

for LTD coverage, on a post-tax basis.

15.     The LTD PLAN provides the Employer may provide employees an annual open

enrollment period during which employees who were previously eligible may apply for initial

coverage without the requirement of proof of health.

16.     The LTD PLAN provides a totally disabled participant with monthly benefits at

the rate of 60% of covered monthly earnings, including average overtime pay, reduced by certain

"other income benefits" such as Social Security Disability awards.

17.     The LTD PLAN provides, in pertinent part:

"Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:
(1) during the Elimination Period and for the first 24 months for which a Monthly Benefit
is payable, and Insured cannot perform the material duties of his/her Regular Occupation;

       *           *         *

(2) after a Monthly Benefit has been paid for 24 months, and Insured cannot perform the
material duties of Any Occupation.  We consider the Insured Totally Disabled if due to

and Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.

18.     The maximum benefit period under the LTD PLAN is to the claimant's age 65 when disability occurs before age 62.

19.     Plaintiff did not choose to enroll in the LTD PLAN immediately upon his hiring on July 14, 2015.

20.     In or about October, 2017, Plaintiff chose to enroll in the LTD PLAN during the Employer's open enrollment period.

21.     In order to enroll, Plaintiff was given by his employer, and completed, a "Reliance Standard Life Insurance Company Enrollment and Statement of Health" form, dated November 8, 2017; he then provided it to COMMUNITY EMS, INC. for submission.

22.     Thereafter, premiums were deducted from his bi-weekly paychecks for the LTD Plan coverage, beginning for the pay period January 14, 2018, through January 27, 2018, in the bi-weekly amount of $7.17.  The premium deductions continued through his last day of work on May 16, 2019, and also included his post-work use of accrued vacation time, through the period ending June 15, 2019.

23.     Plaintiff was not made aware, by his Employer, by RELIANCE, or any Plan Administrator, or any other entity, of any impediment to his enrollment in the LTD PLAN, nor any requirement of further information, whether proof of good health, or otherwise, upon which his enrollment in the LTD PLAN would depend.

24.     Accordingly, from January 14, 2018, Plaintiff reasonably believed he was covered as a Participant in the LTD PLAN.

25.     On or about May 16, 2019, Plaintiff suffered a sudden right-sided facial droop, right-sided weakness, and aphasia (impairment in a person's ability to express and understand written and spoken language), and was sent to the emergency room at Marlborough Hospital. Left internal carotid artery occlusion was confirmed.  He was transferred to Umass Hospital, where he began having dysarthria (a motor speech disorder in which the muscles that are used to produce speech are damaged, paralyzed, or weakened).  He had angioplasty of the left internal carotid artery and thrombectomy of the left middle cerebral artery ("MCA").  CT confirmed the 48-year-old had suffered a stroke.  Plaintiff underwent a second intervention on May 20, 2019, with stent placement in the left coronary artery.

26.     Due to his condition, as of May 16, 2019, Plaintiff was no longer able to continue working, and left on a disability leave.  He applied for weekly benefits under the Employer's short-term disability ("STD") Plan, also administered in part, and insured by RELIANCE.

27.     Plaintiff provided RELIANCE evidence of his disability, to include the opinions of his treating physicians.

28.     By June 21, 2019, RELIANCE had approved Plaintiff's claim for STD benefits. After the 7-day elimination period, benefits were due to start May 24, 2019.  The initial STD benefit payment was for the period May 24, 2019, through June 21, 2019, and totaled $1,329.84.

29.     As of July 25, 2019, Plaintiff's physician had opined that he required an extended disability leave (projected at least through December 1, 2019); she noted that he continued to suffer from a chronic inability to perform multitasking, impaired ability to concentrate, had transient speech problems, and continued to have problems with leg weakness and balance.

30.     On information and belief, RELIANCE paid Plaintiff for the maximum period of the STD Plan based upon his continuing disability claim, or for 90 days.

31.     Under the terms of the LTD PLAN, there is a 90-day elimination period, such that benefits would be first payable on an LTD claim with disability onset of May 16, 2019, on August 14, 2019.

32.     On or about August 13, 2019, Plaintiff filed a claim for monthly disability benefits under the LTD PLAN with the Plan and RELIANCE, which included updated medical support as well as authorization to obtain his Social Security Disability claim information.

33.     By letter dated August 19, 2019, RELIANCE denied Plaintiff's LTD claim.  In denying coverage under its insuring policy, the insurer noted that the employer "advised your long term disability effective date was 01/22/2018," and there were no records advising the reason why the Plaintiff was "not eligible during open enrollment or the rationale for the late filing.  *As you were not properly enrolled for long term disability coverage, you are not eligible for long term disability benefits*."  (Emphasis added.)

34.     Plaintiff timely requested that RELIANCE review the negative determination.  He provided proof of the LTD premiums withheld from his paychecks since January 14, 2018, and argued that he had followed the employer/Plan Administrator's 2017 open-enrollment process.

35.     By letter dated November 19, 2019, RELIANCE upheld its denial of coverage under the LTD PLAN's insuring policy.  It reasoned in pertinent part thus:  that Plaintiff's employer confirmed enrollment in the LTD PLAN on January 22, 2018.  "At the time you enrolled in the LTD coverage, you were considered a "late applicant."  Therefore, Evidence of

Insurability ("EOI"), otherwise known as proof of good health, was required."  With EOI never received by RELIANCE, Plaintiff's coverage was never effective.

36.     Prior to hearing it for the first time from RELIANCE during this LTD benefit claim process, Plaintiff was never informed that his attempted enrollment during the employer's open enrollment period was "late," or that it required Evidence of Insurability, or was otherwise in any way defective.

37.     The LTD PLAN has not denied that Plaintiff has met the definition of disability under its terms as a result of his May 16, 2019, stroke or its sequelae.

38.     Plaintiff has been determined to be "disabled" for purposes of the Social Security Act:  unable by virtue of his physical or mental condition to engage in substantial gainful activity.  The Social Security Administration, Notice of Award recognizes a disability onset of May 15, 2019, and notes monthly SSDI benefits in the amount of $868.90 to begin November, 2019.

39.     Defendants did not properly apply the provisions of the LTD Plan, or its policy to Plaintiff's claim.

40.     Plaintiff has remained Disabled in accordance with the terms and conditions of the LTD Plan, from May 16, 2019 (his date of onset), through August 14, 2019 (the end of the LTD PLAN's elimination period), and continuing through the date of this filing.

**AS AND FOR PLAINTIFF'S FIRST CLAIM:**
**FOR LONG TERM DISABILITY BENEFITS**
**ERISA §§ 502(a)(1)(B), (a)(3), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3)**

41.     Plaintiff hereby incorporates by reference the factual allegations of paragraphs 1 - 40, *supra*, as if fully set forth herein at length.

42.     In administering the subject employee benefit plan and in resolving claims thereunder, defendants, including RELIANCE, in particular, have the responsibility of determining whether claimants are disabled within the definitions of the applicable plan and policy so as to be entitled to benefits.  Crucial to those determinations is an understanding of the claimant's medical conditions and their effects on the claimant's abilities.

43.     Plan fiduciaries, such as defendants have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

44.     Plaintiff has not been provided with a full and fair review of his claim for benefits under the terms and conditions of the LTD Plan, and in accordance with the provisions of ERISA.

45.     The LTD claim decisions rendered on behalf of the plan in the instant action have been made by RELIANCE, who insures the benefits under the defendant, LTD Plan, and as such cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus has acted under a conflict of interest.

46.     Plan fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

47.     Defendants' decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the LTD Plan.

48.     Defendants' decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence gathered throughout Plaintiff's claim.

49.     Plaintiff has been disabled within the terms of the LTD Plan maintained for the benefit of the employees of Community EMS, Inc.  Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to his disability from (and including) August 14, 2019, through the filing of this action, and continuing so long as he continues to meet the Plan's requirements.

**AS AND FOR PLAINTIFF'S SECOND CLAIM:**
*(ALLEGED ALTERNATIVELY)*
**FOR DEFENDANTS' COMMUNITY EMS, INC. and/or AMERICAN MEDICAL**
**RESPONSE, INC. (as Plan Administrators)'s BREACH OF FIDUCIARY DUTY**
**ERISA §§ 502(a)(3), 29 U.S.C. §§ 1132(a)(3)**

50.     Plaintiff hereby incorporates by reference the factual allegations of paragraphs 1 - 49, *supra*, as if fully set forth herein at length.

51.     If, notwithstanding Plaintiff's FIRST CLAIM, *supra*, he was not properly enrolled in the LTD PLAN, it is the fault of the LTD PLAN's ADMINISTRATOR, due to its breach of fiduciary duty, and thus requires remedy.

52.     Defendant, COMMUNITY EMS, INC., was the PLAN ADMINISTRATOR of the LTD PLAN, and as such had discretionary authority or discretionary responsibility in the administration of the LTD PLAN.  In handling open enrollment for the LTD PLAN, COMMUNITY EMS, INC. was acting as a fiduciary.

53.     Defendant, AMR, on information and belief, acted as PLAN ADMINISTRATOR, or undertook Plan administrative duties, of the LTD Plan, on or after the time COMMUNITY EMS, became a subsidiary of AMR, and/or its parent, GLOBAL MEDICAL RESPONSE, INC., and as such had discretionary authority or discretionary responsibility in the administration of the LTD PLAN.  In handling administrative enrollment for the LTD PLAN, AMR was acting as a fiduciary.

54.     According to defendant, RELIANCE, the LTD PLAN is self-administered, in that the Plan Administrator is responsible for administrative functions, including employee enrollment, coverage elections (including any required proof of good health), records management, premium calculation and payment, claim reporting and furnishing copies of the Policy along with the Summary Plan Description (SPD) to its employees.

55.     The LTD PLAN's PLAN ADMINISTRATORS had a fiduciary duty to follow the PLAN's enrollment procedures, to notify participants/applicants of their enrollment, and the requirement for any additional information, and not to mislead them as to the status of their enrollment.

56.     LTD PLAN enrollment is comprised of not merely ministerial administrative duties.

57.     Plaintiff attempted to avail himself of the LTD PLAN's annual open enrollment process in October, 2017.  He completed, signed, and submitted the requested enrollment forms to COMMUNITY EMS, INC., as PLAN ADMINISTRATOR.

58.     Thereafter, premiums were deducted from his bi-weekly paychecks for the LTD Plan coverage, beginning for the pay period January 14, 2018, through January 27, 2018, in the bi-weekly amount of $7.17.  The premium deductions continued through his last day of work on May 16, 2019, and also included his post-work use of accrued vacation time, through the period ending June 15, 2019.

59.     Plaintiff was not made aware, by his Employer, by RELIANCE, or any Plan Administrator, or any other entity, of any impediment to his enrollment in the LTD PLAN, nor any requirement of further information, whether proof of good health, or otherwise, upon which his enrollment in the LTD PLAN would depend.

11

60.     Prior to hearing it for the first time on or about August 19, 2019 from RELIANCE in its first LTD benefit claim denial, Plaintiff was never informed that his attempted enrollment during the employer's open enrollment period was "late," or that it required Evidence of Insurability, or was otherwise in any way defective.

61.     Accordingly, from January 14, 2018, Plaintiff reasonably believed he was covered as a Participant in the LTD PLAN.

62.     Had Plaintiff been made aware of any defect in his attempt to enroll in the LTD PLAN during the Fall, 2017 open enrollment, he could have filed enrollment paperwork for the October, 2018 open enrollment.

63.     Defendants breached their fiduciary duties as relates to the PLAN's enrollment process:  in failing to properly enroll Plaintiff in the LTD PLAN during open enrollment; in withholding premiums which had the effect of misleading Plaintiff to believe he had been properly enrolled; in failing to request Evidence of Insurability, if such was required by the PLAN due to a "late" enrollment attempt; and, alternatively, in failing to notify him that he had not been properly enrolled in the LTD PLAN, during the open enrollment period, or otherwise.

64.     Plaintiff reasonably relied to his detriment on defendants' actions and inactions (each fiduciary breaches) relative to his attempt to enroll in the LTD PLAN during its open enrollment.  Had he been notified he could have either provided Evidence of Insurability, or alternatively, enrolled during the Fall, 2018 open enrollment period.

65.     The fiduciary breaches of defendants deprived Plaintiff of a benefit claim under the LTD PLAN due to the onset of his disability from a sudden stroke on May 16, 2019, as detailed, *supra*, as it foreclosed the possibility of such a claim, a claim which would be continuing, and thus, Plaintiff is damaged to that extent.

66.     Further, Plaintiff has experienced mental anguish, economic uncertainty, insult and grief over defendants' breaches.  He specifically suffered mental anguish caused by the financial distress in which he has been placed due to the lack of a disability income replacement benefit–a benefit he believed he had been paying for.

67.     Equitable relief is necessary to make Plaintiff whole regarding these losses to create incentive for defendants to mend their ways, and fully honor its fiduciary duties as to other employees.

68.     The United States Supreme Court in *CIGNA Corp. v. Amara*, 563 U.S. 421, 442, 131 S. Ct. 1866, 1880, 179 L.Ed. 2d 843 (2011), has permitted various forms of relief for breaches of fiduciary duties inclusive of restitution, "make whole" relief, and surcharge.  The surcharge remedy extended to a breach of trust committed by a fiduciary (this included any violation of a duty imposed upon that fiduciary.)  Plaintiff seeks such relief.

**AS AND FOR PLAINTIFF'S THIRD CLAIM:**
**FOR DEFENDANT'S FAILURE TO KEEP AND PROVIDE**
**ERISA PLAN DOCUMENTS**
**(AS AGAINST DEFENDANTS LTD PLAN ADMINSTRATORS)**
**ERISA §§ 502(c), 29 U.S.C. §§ 1132(c)**

69.     Plaintiff hereby incorporates by reference the factual allegations of paragraphs 1 - 68, *supra*, as if fully set forth herein at length.

70.     Counsel for Plaintiff requested of defendants, COMMUNITY EMS, INC., and AMR, by letter of December 9, 2019, *inter alia*:

A copy of each and every plan document related to the Community EMS, Inc., Long Term Disability Plan, as well as any other disability benefit plan, or its equivalent, in which Mr. Zecheru was a participant during his term of employment, to include, without limitation:  any and all Plan Document(s), and any:  trust agreement(s), restatement(s),

13

Summary Plan Description ("SPD"), insurance policy, administrative service agreement, and any amendments, restatements, or modifications to any of these;

71.     The PLAN ADMINISTRATOR forwarded in response, a copy of the RELIANCE LTD insurance policy certificate, Policy number LSC 10,000, pertaining to participating unit number VPL 300291.  The certificate consisted of 32 pages, of which two were blank.

72.     The PLAN ADMINISTRATOR's disclosure lacked a proper Summary Plan Description ("SPD"), and many elements required of the SPD were not provided Plaintiff.

73.     In establishing and maintaining an employee welfare benefit plan, the PLAN ADMINISTRATORS had an obligation to furnish plan documents, including SPD's and related policies which complied with ERISA and its regulations.

74.     Despite Plaintiff's written request, the defendants failed or refused to keep and furnish required documents.

75.     Defendants' failure or refusal to furnish plan documents prejudiced Plaintiff in hampering and delaying his efforts to perfect his claims, causing him further frustration and anxiety over his financial situation.

76.     Defendants' actions are in contravention of the mandates of ERISA, in contravention of the provisions of the subject LTD PLAN itself, are a breach of the PLAN ADMINISTRATORS' fiduciary duties as an ERISA administrator, and a clear abuse of discretion.

**WHEREFORE,** Plaintiff prays for the following relief:

A.    That the Court determine and then declare that under the terms of the LTD PLAN, that the Plaintiff's disability continued from (and included) May 16, 2019 (his onset date), within the term of coverage, and that he was and continued to be disabled within the Plan's provisions thereafter.

B.    That after making such a determination, the Court ORDER the Defendants, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said LTD PLAN, to include from August 14, 2019, and continuing.

C.    That, ALTERNATIVELY, the Court find that defendants, COMMUNITY EMS, INC., as Plan Administrator and/or AMR, as Plan Administrator, breached their fiduciary duties relative to Plaintiff's enrollment in the LTD PLAN, and therefore, ORDER the defendants, PLAN ADMINISTRATORS, as a surcharge, or other equitable or "make whole" remedy, to provide all disability benefits to which Plaintiff would have been entitled but for said breach, under the terms and provisions of said LTD PLAN, to include from August 14, 2019, and continuing.

D.    Further, that the Court ORDER defendants to provide interest on all equitable and surcharge payments made, starting as of the time each such monthly payment would have been made in accordance with the LTD PLAN.

E.    That, if necessary, the Court ORDER the matter remanded to the  LTD Plan's claim administrator for such further and additional findings as may be reasonably necessary.

F.    That the Court find that defendants, PLAN ADMINISTRATORS, failed to furnish requested Plan Documents in violation of ERISA and ORDER defendants to pay penalties of $110 per day beginning when due by law and continuing until this Court determines is proper, as to the documents not provided.

G.    That the Court award Plaintiff his reasonable attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

H.     That the Court award Plaintiff such further, necessary, or proper relief as it deems

just and equitable in the circumstances.

Dated:          March 26, 2021

PLAINTIFF
By his attorney,

By:     */s/ Stephen L. Raymond*
Stephen L. Raymond
BBO #567753
RAYMOND LAW
35 Village Road, Ste. 100
Middleton, MA 01949
978-605-1155
978-560-0959 fax
slraylaw@aol.com